**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jaron Perkins, | No. CV-21-01717-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Ally Financial Incorporated, et al., | |
| Defendants. | |

Before the Court is Defendant Ally Financial Incorporated's ("Defendant") Motion for Attorneys' Fees and Costs (Doc. 32) and memorandum in support thereof (Doc. 33), Plaintiff Jaron Perkin's ("Plaintiff") Response (Doc. 34), Defendant's Reply (Doc. 35), and Plaintiff's Objection (Doc. 36).[1] In the Motion, Defendant requests an award of attorneys'

---

[1] On February 16, 2022—after the briefing for the instant motion was completed—Plaintiff filed an "Objection to Defendant's Reply" (Doc. 36). While an "Objection" is not a recognized brief that may be filed with the Court, the Court has nonetheless reviewed Plaintiff's Objection and considered Plaintiff's request that this Court "DENY and/or DISALLOW" the Defendant's Reply brief (Doc. 35) because it was filed late.

Indeed, on January 13, 2022, this Court entered an Order (Doc. 31) modifying the briefing schedule for Defendant's Motion. Under that Order, Defendant was required to file a motion for fees and costs by January 12, 2022; Plaintiff was required to file a response by February 7, 2022; and Defendant was to have until February 14, 2022 to file a reply. As Plaintiff points out, Defendant filed its Reply brief (Doc. 35) on February 15, 2022—one day after the deadline. Defendant did not explain the missed deadline nor request any sort of extension. The Court will therefore grant Plaintiff's Objection to the extent it requests that this Court disregard Defendant's Reply brief. The Court has decided this Motion without considering any arguments made by Defendant in the Reply brief.

fees in the amount of $22,188.00 and an award of costs in the amount of $402.00. (Doc. 33 at 5). Defendant alleges that these fees and costs were incurred in defending against Plaintiff's "frivolous and bad faith claims." (*Id.* at 19).

## I.   LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 54(d) provides that any "claim for attorneys' fees and related nontaxable expenses must be made by motion." Fed. R. Civ. P. 54(d)(2). "Unless a statute or a court order provides otherwise, the motion must:

> (i) be filed no later than 14 days after the entry of judgment;
>
> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
>
> (iii) state the amount sought or provide a fair estimate of it; and
>
> (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2)(B). FRCP 54(d) also provides that courts may establish their own local rules to resolve fee-related issues. Fed. R. Civ. P. 54(d)(2)(D). In this District, Local Rules of Civil Procedure ("LRCiv") 54.1 and 54.2 apply to requests for costs and fees.

## II.   DISCUSSION

The Court denies Defendant's Motion without prejudice because it failed to comply with LRCiv 54.1 and 54.2. Focusing first on Defendant's request for costs, LRCiv 54.1 provides that a party seeking an award of costs shall

> file with the Clerk of Court and serve upon all parties, *a bill of costs* on a form provided by the Clerk. This bill of costs shall include a memorandum of the costs and necessary disbursements, so itemized that the nature of each can be readily understood, and, where available, documentation of requested costs in all categories must be attached.

LRCiv 54.1(a) (emphasis added). Here, Defendant requests $402 in costs, but does not provide a bill of costs or otherwise substantiate its request with documentation. Defendant's Motion focuses entirely on attorneys' fees; it does not explain the basis of Defendant's request for costs. The exhibits attached to Defendant's Motion also fail to

address costs or otherwise catalogue how Defendant reached the $402 figure.[2] Thus, the Court here has no way of confirming that the requested amount is justified. Therefore, the Court denies Defendant's request for costs. *See, e.g.*, *Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 480–82 (D. Ariz. Aug. 16, 2019) (recognizing that "the decision whether to award costs ultimately lies within the sound discretion of the district court" and denying plaintiff's request for taxable costs "due to Plaintiff's failure to strictly comply with the requirements of [FRCP] 54(d) and LRCiv 54.1").

As to attorneys' fees, LRCiv 54.2(c) requires any party seeking an award of attorneys' fees to file a motion that discusses three specific matters: (i) eligibility; (ii) entitlement; and (iii) reasonableness of requested award. Here, Defendant uses most of its Motion to discuss the first two issues—that is, explaining why Defendant is eligible and entitled to an award of attorneys' fees. Defendant does not, however, sufficiently address the third issue. In discussing the reasonableness of the requested fee award, a party should specifically focus on the factors provided by LRCiv 54.2(c)(3).[3] These factors—also known as the *Kerr* factors from the Ninth Circuit case, *Kerr v. Screen Extras Guild, Inc.*,

---

[2] Costs are briefly mentioned in Leah S. Strickland's Declaration (Doc. 33-4) when Ms. Strickland asserts that her firm "does not bill for routine expenses and costs such as photocopying, long distance telephone calls, overtime work by secretaries or courier costs." (*Id.* at 3). She also asserts that Defendant incurred "*over* $402 in recoverable costs in this matter, but is seeking only its $402 in filing fees." (*Id.* at 5 (emphasis added)). Merely categorizing the requested costs as "filing fees" does not, however, meet the requirements of LRCiv 54.1 nor does it provide the Court with a basis to determine the reasonableness of Defendant's request.

[3] "When evaluating whether a fee award is reasonable, the Court considers (1) whether the hourly billing rate is reasonable, and (2) whether the hours expended on the case are reasonable. . . . The reasonableness of a requested fee award is generally analyzed under the 'lodestar approach.' . . . 'The lodestar method of calculating reasonable attorneys' fees is a two-step process whereby a court multiplies the number of hours reasonably expended by a reasonable hourly rate and then determines if any . . . factors favor enhancing or reducing the arrived at product.'" *Rindlisbacher v. Steinway & Sons Inc.*, No. CV-18-01131-PHX-MTL, 2021 WL 2434207, at *9 (D. Ariz. May 26, 2021) (citations omitted) (internal quotations omitted).

526 F.2d 67, 70 (9th Cir. 1975)—are as follows:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70; *see also* LRCiv(c)(3). Additionally, LRCiv 54.2(d) provides a list of supporting documentation that is to be filed along with any motion for attorneys' fees:

> (1) A Statement of Consultation;
>
> (2) Fee Agreement;
>
> (3) Task-Based Itemized Statement of Fees and Expenses;
>
> (4) Affidavit; and
>
> (5) Any other affidavits or evidentiary matter deemed appropriate under the circumstances or required by law.

LRCiv 54.2(e) provides specific instructions for the task-based itemized statement of fees and expenses. Namely, the task-based itemized statement must include the date on which the service was performed, the time devoted to each individual unrelated task performed on such day, a description of the services provided, and the identity of the attorney, paralegal, or other person performing such service. LRCiv 54.2(e)(1). The requirements of LRCiv 54.2 are not mere formalities, but rather necessary support that any party seeking an award of fees must proffer so that the Court may carry out its duty to ensure that the requested fees are reasonable. *See Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018) ("[D]istrict courts have a *duty* to ensure that claims for attorneys' fees are reasonable . . . and a district court does not discharge that duty simply by taking at face value the word of the prevailing party's lawyer for the number of hours expended on the case." (emphasis in original) (citations omitted) (internal quotations omitted)).

Here, Defendant fails to mention any of the above *Kerr* factors or otherwise show that its requested fee amount ($22,188.00) is reasonable. Instead, Defendant offers only the Declaration of Leah S. Strickland (the "Declaration") (Doc. 33-4 at 1–5) to support its fee request. The Declaration appropriately identifies the attorneys and paralegal who billed the hours at issue and specifies each of their rates. (*Id.* at 2–4). It also provides the total hours billed by each individual and broad descriptions of the work Ms. Strickland personally conducted. (*Id.* at 4). That said, the Declaration nonetheless falls short of providing the sort of task-based itemized statement of fees and expenses that is required by LRCiv 54.2. Instead of itemizing the time expended by each individual on each particular task, the Declaration describes only Ms. Strickland's own work and does so on a monthly—as opposed to a task-by-task—basis:

> My time was expended as follows: 26.3 hours in October expended on analyzing the complaint and filing removal documents, reviewing plaintiff's motion to remand, and drafting a response; 21.3 hours in November on the response to the motion to remand, analysis of the motion to dismiss on behalf of defendant LaClair, analyzing a potential pleadings-based motion or motion for summary judgment on behalf of Ally and analyzing plaintiff's pleadings and attached documents in relation to the same, analyzing the need for and availability of counterclaims and drafting counterclaims, and drafting meet and confer correspondence in response to plaintiff's request for dismissal; 6.3 hours in December on the counterclaims, further analysis of the pleadings and underlying documentation, and drafting an opposition to plaintiff's request for dismissal; and well over 15.1 hours in January expended on this motion for attorneys' fees.

(*Id.* at 4–5). Such use of block billing[4] "makes it more difficult to determine how much

---

[4] The Ninth Circuit has defined block billing as "the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945 n.2 (9th Cir. 2007). While there is no per se exclusion of block-billed time, "the test remains whether time entries meet 'the basic requirements of listing [attorneys'] hours and identifying the general subject matter of [their] time expenditures." *Maki v. N. Sky Partners II LP*, No. CV-15-02625-PHX-SRB, 2018 WL 4042455, at *2 (D. Ariz. May 9, 2018) (citation omitted); *see also* LRCiv 54.2(e)(2) ("The party seeking an award of fees must adequately describe the services rendered so that the reasonableness of the charge can

time was spent on particular activities" and for this Court to otherwise determine the reasonableness of Defendant's fee request. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Moreover, the declaration does not provide any description of the work done by Attorney Justin Balser or Paralegal Alicia M. Rountree. Instead, it provides only their rate and the total hours they billed. All told, this Court simply cannot assess the reasonableness of Defendant's fee request on the information that has been provided.

Defendant's failure to support its fee request creates a particular challenge in cases—such as this one—that are dismissed without prejudice under Rule 41(a)(2). While this Court undoubtedly has the authority to condition Plaintiff's Rule 41(a)(2) dismissal without prejudice "upon the payment of appropriate costs and attorney fees," the law is clear that Defendant "should only be awarded attorney fees for work which *cannot be used in any future litigation* of these claims." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996) (emphasis added) (citations omitted). Here, the lack of supporting information leaves the Court without any ability to distinguish the fees which arose from work that could be used in future litigation from the fees which arose from work rendered useless by the dismissal of Plaintiff's claims. Instead, Defendant offers only lump sum amounts for fees and costs; these sums provide no basis for a finding as to whether the work product would be useful in future litigation. *See Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993) (finding that district court "abused its discretion in finding the amount of costs without differentiating between work product which was rendered useless and that which might be of use in [future litigation]. Only those costs incurred for the preparation of work product rendered useless by the dismissal should be awarded as a condition of the voluntary dismissal."). All told, the Court denies Defendant's request for attorneys' fees without prejudice because Defendant failed to comply with LRCiv 54.2's requirements for supporting discussion and documentation. This failure to comply with the Local Rule prevents this Court from assessing the reasonableness of Defendant's request and from

---

be evaluated.").

distinguishing what work may or may not be used in future litigation.

### III. CONCLUSION

For the above reasons, this Court denies Defendant's Motion for Attorneys' Fees and Costs. The denial is without prejudice, however, to allow Defendant the opportunity to refile this Motion in a manner that complies with LRCiv 54.1 and 54.2. Plaintiff shall have an opportunity to respond to any motion that is filed by Defendant.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Attorneys' Fees and Costs (Doc. 32) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that, if Defendant chooses to do so, Defendant may file a new motion requesting attorneys' fees and costs in accordance with this Order. The motion shall be **no more than fifteen (15) pages** in length and shall be filed **no later than June 8, 2022**. Plaintiff will then have until **June 22, 2022** to file a response. No reply brief from Defendant will be permitted.

**IT IS FURTHER ORDERED** that if Defendant declines or otherwise fails to file the motion by **June 8, 2022**, Defendant shall not be awarded any attorneys' fees or costs and this case shall be dismissed without prejudice accordingly.

Dated this 25th day of May, 2022.

Honorable Steven P. Logan
United States District Judge